UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN BRENT MICHEL,

   Plaintiff,

v.

CHERI BRAZWELL; and SCOTT BRAZWELL,

   Defendants.

C22-5286 TSZ

ORDER

THIS MATTER comes before the Court on the Motion to Dismiss, docket no. 18, filed by Defendants Cheri and Scott Brazwell, to dismiss the First Amended Complaint, docket no. 17 ("FAC").  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

This case began when Plaintiff Stephen Brent Michel filed a Verified Trust and Estate Dispute Resolution Act ("TEDRA") Petition in Pierce County Superior Court. Compl. (docket no. 1-2).  The case was removed to this Court based on diversity jurisdiction. *See* Notice of Removal (docket no. 1).  TEDRA's purpose "is to set forth generally applicable statutory provisions for the resolution of disputes and other matters

ORDER - 1

1  involving trusts and estates." RCW 11.96A.010.  TEDRA further defines the "matters"
2  to which it applies. *See* RCW 11.96A.030(2).  Plaintiff's original pleading stated that, in
3  the event that TEDRA does not apply, jurisdiction exists because this case "involves
4  Mr. Michel's interest in the Property described herein and the Petition should be treated
5  as a lawsuit by Mr. Michel as plaintiff and against Respondents as defendants for the
6  legal claims set forth herein." Compl. (docket no. 1-2 at 5). The Court dismissed
7  Plaintiff's original pleading without prejudice and with leave to amend. *See* Order
8  (docket no. 16).

9  Plaintiff's First Amended Complaint pleads as follows. In 2003, June Malone, the
10 mother of both Cheri Brazwell and Stephen Brent Michel, gifted Defendants (her
11 daughter, Cheri Brazwell, and son-in-law, Scott Brazwell) her share of a property located
12 in Lakewood, Washington (the "Property"). FAC ¶ 5.4.  Plaintiff alleges that, many years
13 later, he and Defendants made an oral agreement to sell the Property and share the profits
14 equally.  *See* Ex. F to FAC (docket no. 17-6 at 3) ("The sole intention of this memo is [to]
15 codify the verbal agreement to share profits from the sale of the [Property] with
16 [Plaintiff.]").[1]  Plaintiff alleges that Defendants and he "entered into an agreement" with
17 the following three terms, which would be performed upon Malone's death:

---

[1] For purposes of this Rule 12(b)(6) motion, the Court may consider, as incorporated by reference, the documents attached as exhibits to the FAC.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

ORDER - 2

      (a)    The Property would be sold after any tenant's lease on the Property has expired in the spring after [Malone's] death. "The most opportune time to sell a home in Lakewood."

      (b)    . . . [O]nce the Property at issue in this case was sold, funds would be deducted from the sales price of the Property in the following categories: (i) the amount of money that [Defendants] put into the home in the form of a mortgage and interest, taxes, insurance, and repairs; (ii) capital gains taxes at 25%; (iii) a realtor fee of 6%; (iv) any transfer for excise tax; (v) title insurance; (vi) escrow fees; and (vii) something called "miscellaneous fees dependent on sales price."

      (c)    After payment of the costs, [Plaintiff] would receive 50% of the sale proceeds.

FAC at ¶ 3.5.[2]

Plaintiff alleges that the oral agreement was first memorialized in writing on April 10, 2018 (the "Oral Agreement"). *Id.* at ¶ 3.6; Oral Agreement, Ex. F to FAC (docket no. 17–6). The Oral Agreement stated that the Property would be sold in the spring following Malone's death. Ex. F to FAC (docket no. 17-6 at 2). This draft further states that, after reimbursing certain costs, the parties "will divide the remaining funds in half," and that Plaintiff will receive "50%." *Id.* Finally, the Oral Agreement provides that Plaintiff could "expect at least $125,000" from the sale of the Property, but that "[a]s the home market price goes up, so does [his] inheritance." *Id.* Neither party signed the Oral Agreement.

According to Plaintiff, in September 2018, Defendants sent him an email which raised the issue of ownership in the Property and the fact that Malone "wanted to see an

---

[2] The FAC lists two paragraphs as "3.5." The Court refers to the second paragraph labeled "3.5."

ORDER - 3

attorney for purposes of estate planning." FAC at ¶ 3.8. Plaintiff alleges that before her death, Malone "met with Washington Attorney Robert Taub and informed said attorney that she believed the Property would be divided between Defendants and [Plaintiff] after her death." *Id.* at ¶ 3.11. Plaintiff further alleges that she did not pursue legal action because Defendants promised to proceed with the agreement. *Id.* at ¶ 5.4

Plaintiff alleges that, since Malone's death, Defendants have failed to sell the Property and pay Plaintiff half of the proceeds, and that this inaction constitutes a breach of their oral agreement. *Id.* at ¶ 3.13.  Plaintiff asserts causes of action for breach of contract or implied contract, promissory estoppel, and implied or constructive trust. *See id.* at ¶¶ 5.4–5.17. Defendants now move to dismiss the FAC for failure to state a claim.

**Discussion**

**I.     Legal Standard**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than mere speculation of a right to relief. *Id.*  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558.  A complaint may be lacking for one of two reasons:  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the

ORDER - 4

plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Twombly*, 550 U.S. at 570. If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II.   Consideration

Defendants first argue that the oral agreement is unenforceable for lack of consideration. To be enforceable, a contract must be supported by consideration. *King v. Riveland*, 125 Wn.2d 500, 505, 886 P.2d 160 (1994). "Consideration is any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange." *Id.* For an act or promise to constitute consideration, "it must be bargained for and given in exchange for the promise." *Id.*

Plaintiff argues that the FAC adequately alleges that the consideration for the oral agreement was that Malone would not meet with an attorney to enforce her understanding of the agreement. Resp. at 7–8 (docket no. 22). Defendants assert that, even if Plaintiff had adequately alleged that Malone's promise to not pursue legal action constituted consideration for the oral agreement, such theory is not adequate to support consideration in this case. The Court agrees with Defendants.

Promises made by any party (or nonparty in this case) after the alleged making of the oral agreement cannot constitute consideration. *See* 25 Wash. Prac., Contract Law & Practice § 2:23 (3d ed.) ("The detriment must induce the promisee. In other words, the

ORDER - 5

promisor must have made the promise because he wishes to exchange it at least in part for the detriment to be suffered by the promisee."). A promise made after an alleged agreement formed cannot "induce the promisee" to act. *Id.* Instead, Washington courts require "independent consideration at the time the agreement is reached." *Labriola v. Pollard Grp., Inc.*, 152 Wn.2d 828, 830, 100 P.3d 791 (2004). Plaintiff bases his entire case on consideration that occurred *after* the agreement allegedly was reached. Washington law does not support Plaintiff's theory.[3]

### III.     Dismissal With Prejudice

"[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez*, 203 F.3d at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). All of Plaintiff's causes of action and remedies require the existence of a contract. Plaintiff cannot fix his averments regarding consideration through further amendments. A contract simply did not exist as a matter of law. Because no amount of repleading can change the underlying facts, the Court dismisses all claims with prejudice.

---

[3] The Court need not reach the remainder of Plaintiff's claims and arguments because the Oral Agreement fails for want of consideration.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendants' Motion to Dismiss, docket no. 18, is GRANTED. Plaintiff's claims are DISMISSED with prejudice.

(2) The Clerk is directed to enter judgment consistent with this Order, to send a copy of the Judgment and this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 27th day of December, 2022.

Thomas S. Zilly
United States District Judge

ORDER - 7