UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN BRENT MICHEL,

           Plaintiff,

v.

CHERI BRAZWELL; and SCOTT BRAZWELL,

           Defendant.

C22-5286 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The United States Court of Appeals for the Ninth Circuit having remanded this matter for consideration of whether plaintiff has adequately pleaded claims for promissory estoppel and/or implied or constructive trust,[1] see 9th Cir. Memo. (docket no. 30), the related portions of defendants' motion to dismiss, docket no. 18, are hereby DENIED for the following reasons:

    (a) Contrary to defendants' contention, plaintiff has pleaded a "plausible" promissory estoppel claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff Stephen Brent Michel and defendant Cheri Brazwell ("Cheri") are brother and sister. Plaintiff and Cheri had a brother named Gordon Michel ("Gordon"), who died in November 2003. After Gordon died, the siblings' mother (June Patricia Malone), acting individually and "as 1 of 2 heirs at law" of Gordon, executed a Bargain and Sale Deed in favor of Cheri and her husband Scott Brazwell ("Scott") concerning property located at 10927 Greendale Dr. SW in Tacoma (the "Property").[2] See Ex. A to Brazwell Decl. (docket no. 19).

---

[1] The Ninth Circuit affirmed the Court's earlier ruling that, as to breach of express or implied contract, plaintiff has failed to state claims upon which relief may be granted. 9th Cir. Memo. (docket no. 30); see Order (docket no. 25).

[2] The record does not indicate the identity of Gordon's other heir or whether such person has an interest in the Property.

MINUTE ORDER - 1

Plaintiff alleges that, in April 2018, Cheri and Scott promised to share with him the profits from any sale of the Property, and that such promise caused him not to initiate litigation against them before the siblings' mother (for whom plaintiff had power of attorney) died in July 2021.  Whether plaintiff can prove such induced forbearance is a question for another day, but he has done enough to be permitted to proceed further on his promissory estoppel claim.  *See* *Corbit v. J.I. Case Co.*, 70 Wn.2d 522, 538, 424 P.2d 290 (1967) (quoting Restatement (First) of Contracts § 90 (1932)); *see also* *Pac. Cascade Corp. v. Nimmer*, 25 Wn. App. 552, 559, 608 P.2d 266 (1980).

(b)     Drawing all reasonable inferences in plaintiff's favor, as required on a Rule 12(b)(6) motion, *see*, *e.g.*, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987), the Court concludes that plaintiff has adequately asserted a claim for implied or constructive trust.  Although plaintiff focuses primarily on Cheri's and Scott's alleged promise to share with him the net proceeds of any future sale of the Property, which would not itself give rise to a constructive trust, plaintiff also appears to accuse Cheri of exerting undue influence over and/or misusing a confidential relationship with the siblings' mother to acquire the Property (or a portion of it) from her.  *See* *Kausky v. Kosten*, 27 Wn.2d 721, 728, 179 P.2d 950 (1947) (quoting 1 Pomeroy, EQUITY JURISPRUDENCE at 210 (5th ed.)); *see also* *In re Marriage of Lutz*, 74 Wn. App. 356, 873 P.2d 566 (1994); *Mehelich v. Mehelich*, 7 Wn. App. 545, 500 P.2d 779 (1972).  Given the limitations set forth in RCW 5.60.030 concerning testimony about transactions with or statements by a deceased person, plaintiff's ability to present admissible evidence to support his constructive trust claim is in serious doubt, but he will be allowed to try.

(2)     The parties shall meet and confer and file, within twenty-one (21) days of the date of this Minute Order, a Joint Status Report in the format required by the Order entered May 10, 2022, docket no. 5.

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 19th day of December, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 2